Priority
Send ✓
Enter ✓
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

FILED
CLERK, U.S. DISTRICT COURT
JAN 17 2008
CENTRAL DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| REGINALD GARY, | CV 04-1953-GHK (SH) |
| Plaintiff, | ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE; |
| v. | |
| PAT MURPHY, et al., | |
| Defendants. | |

Pursuant to 28 U.S.C. Section 636(b)(1)(C), the Court has reviewed the Second Amended Complaint, the defendants Pat Murphy and Sheila Anderson's Motion for Summary judgment, plaintiff's Opposition to the defendants' motion, the defendants' Reply to plaintiff's opposition, all of the records and files herein and the attached Report and Recommendation of the United States magistrate Judge, and has made a <u>de</u> <u>novo</u> determination of the Report and Recommendation. The Court concurs with and adopts the conclusions of the Magistrate Judge.

IT IS HEREBY ORDERED that the defendants Sheila Anderson and Pat

1

1 | Murphy's Motion for Summary Judgment be granted, and plaintiff's Second
2 | Amended Complaint dismissed.
3 |     IT IS FURTHER ORDERED that the Clerk shall serve forthwith a copy of
4 | this Order, the Magistrate Judge's Report and Recommendation by the Untied
5 | States mail on plaintiff and counsel for defendants.
6 | DATED: 1/17/08

GEORGE H. KING
UNITED STATES DISTRICT JUDGE



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| REGINALD GARY,<br><br>            Plaintiff,<br><br>    v.<br><br>PAT MURPHY, et al.,<br><br>            Defendants. | Case No. CV 04-1953-GHK (SH)<br><br>REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE |

This Report and Recommendation is submitted to the Honorable George H. King, United States District Judge, pursuant to 28 U.S.C. § 636 and General Order 01-13 of the United States District Court for the Central District of California. For the reasons discussed below, summary judgment should be granted in favor of defendants Sheila Anderson and Pat Murphy, and plaintiff's Complaint dismissed.

## I. PROCEEDINGS

On July 24, 2006, pro se plaintiff Reginald Gary filed a Second Amended

Complaint ("SAC") under 42 U.S.C. § 1983,[1] after his prior amended pleading was dismissed with leave to amend. Construed liberally, plaintiff alleges an Eighth Amendment violation against Ironwood State Prison ("ISP") employees Pat Murphy (Chief Engineer) and Sheila Anderson (Plant Operations Manager), based on their deliberate indifference to an unreasonable risk of serious damage to plaintiff's current and future health caused by exposure to high levels of dust, lint, mold, and possibly asbestos, blowing into his cell at ISP through the prison ventilation system. (SAC pt. 1 at 1-3, 6-20, pt. 2 at 4-5, 7-30).[2] Attached to the SAC were several exhibits.[3] Plaintiff sues the defendants in their individual capacities, seeking injunctive relief, declaratory relief, and compensatory damages and punitive damages from each defendant. (SAC pt. 1 at 3-4, 9).

The defendants filed an Answer to the SAC on January 24, 2007.

On October 15, 2007, defendants Anderson and Murphy filed a Motion for Summary Judgment, attached to which was a portion of plaintiff's deposition on

---

[1] The SAC appears to be comprised of a twenty-page document, followed by a thirty-page document (that begins with page number 3) entitled "Request for a Continuance Pursuant to Fed. Rule of Civil Procedure 56(f)." The Court refers to the first portion of the pleading as SAC, pt. 1, and refers to the second portion as SAC, pt.2.
Defendants' motion to dismiss the SAC was denied.
Plaintiff's motion to amend the SAC to add new defendants was denied.

[2] ISP is located in Blythe, California. Subsequent to filing the original Complaint, plaintiff was transferred to Richard J. Donavan Correctional Facility in San Diego, California.

[3] The exhibits were as follows: (1) A San Diego Union-Tribune article on home air quality, dated April 23, 2005; (2) Another inmate's complaints regarding air quality at Richard J. Donavan Correctional Facility (11 pages); and (3) A Daily Journal article on molds and fungi, dated October 7, 2002; (4) A San Diego Union-Tribune article on mold in a hospital, dated May 2006; and (5) Another inmate's complaints regarding air quality at Richard J. Donavan Correctional Facility (2 pages).

September 13, 2007. In support of their motion, defendants submitted the following documents: (1) Declaration of Sheila Anderson, dated August 1, 2004; (2) Declaration of Patrick Murphy, dated October 11, 2007; (3) Declaration of Aiad Samuel, dated October 11, 2007; (4) Declaration of John Stiles, M.D., dated October 12, 2007, (5) Declaration of Michael Maeda, dated October 11, 2007; and (6) Declaration of Terrence F. Sheehy, dated October 12, 2007. Defendants also filed a Separate Statement of Uncontested Facts ("Separate Statement") in support of the motion for summary judgment.

In a Minute Order issued on October 16, 2007, the Court notified plaintiff in detail of the requirements for opposing a motion for summary judgment.

Petitioner filed an Opposition to defendants' Motion for Summary Judgment on October 29, 2007.[4] In support of his opposition, plaintiff submitted the following documents: (1) a Daily Journal article on fungi, dated October 7, 2002; and (2) a San Diego Tribune article on mold in Scripps Memorial Hospital-La Jolla, dated May 2006. Although plaintiff purports to rely on his medical records which "clearly speak for them selfs (sic)", plaintiff has not submitted his medical records in opposition to the Motion.

On November 7, 2007, the defendants filed a reply to plaintiff's Opposition, attached to which was a portion of plaintiff's deposition on September 13, 2007.

## II. STANDARD OF REVIEW

A motion for summary judgment should be granted if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The moving party bears the initial burden of informing the court of the basis for the motion and identifying the portions of the pleadings, depositions,

---

[4] In his Opposition, plaintiff requests the appointment of counsel. However, plaintiff has failed to show "exceptional circumstances" warranting the appointment of counsel.

3

answers to interrogatories, admissions, or affidavits which demonstrate the absence of a triable issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The burden then shifts to the non-moving party to show that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Celotex, supra, 477 U.S. at 324. A factual dispute is "material" only if it might affect the outcome of the suit under governing law. Anderson, supra, 477 U.S. at 248. An issue is "genuine" only if there is a sufficient evidentiary basis on which a reasonable jury could find for the non-moving party. Id. at 248-49.

In determining whether a triable issue of material fact exists, the evidence must be considered in the light most favorable to the non-moving party. Masson v. New Yorker Magazine, Inc., 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991); Fairbank v. Wunderman Cato Johnson, 212 F.3d 528, 531 (9th Cir. 2000). However, summary judgment cannot be avoided by relying solely on conclusory allegations unsupported by factual data. Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 922 (9th Cir. 2001); Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). More than a "metaphysical" doubt is required to establish a genuine issue of material fact. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986). A party opposing a properly supported motion for summary judgment "must set forth specific facts showing that there is a genuine issue for trial." Anderson, supra, 477 U.S. at 247 (citing First National Bank of Arizona v. Cities Service Co., 391 U.S. 253, 88 S.Ct. 1575, 20 L.Ed.2d 569 (1968)).

Affidavits supporting (and opposing) summary judgment must be made on personal knowledge, must set forth admissible statements of fact, and must show affirmatively that the affiant is competent to testify to the matters stated therein. Fed.R.Civ.P. 56(e). A Verified Complaint, to the extent that it is based on plaintiff's personal knowledge, meets the affidavit requirement. McElyea v. Babbitt, 833 F.2d 196, 198 n.1 (9th Cir. 1987).

## III. PLAINTIFF'S ALLEGATIONS

In the unverified SAC, plaintiff makes the following allegations. "[T]here was ("mold")[,] lint, dust, and possible asbestos and petitioner did make it clear how defendant 'Murphy was made aware of the dust lint mold and possible asbestos in the ventilation system.[']  It's clearly stated in my '602 appeal'[5] and throughout my complaint.  And Pat Murphy cannot say he didn't know? [sic] Because he is the Chief [sic] Eng at I.S.P. " (SAC, pt. 1 at 6.) "It's very clear she 'Sheila Anderson['] failed to remedy the wrong after being informed by my appeal.  And she created a policy of not informing inmates of any possible health concerns? [sic] and possible injurys [sic]? [sic] to your health.  And that's clearly exhibiting deliberate indifference to the rights of inmates. . . .  And she failed to investigate the issue." (SAC, pt. 1 at 7.) "[D]efendants had notice and therefore acted with deliberate indifference." (SAC, pt. 1 at 8.)

In further support of his allegations of deliberate indifference, plaintiff alleges the following: "Why is it the Chief Eng here at RJ Don[avan] could order an investigation of the air problem, and Pat Murphy couldn't nor Sheila Anderson. [A]nd those facts stand out very clearly in this case." (SAC, pt. 1 at 14.) "Not once did Pat Murphy nor Sheila Anderson order an inspector to investigate the issue nor have a contractor come in[;] each defendant knows of the danger." (SAC, pt. 1 at 17.) "[D]efendants could have hired an outside person to test." (SAC, pt. 2 at 11.)

As to his claim of exposure to asbestos, plaintiff alleges that defendants were aware of the asbestos risk "because piping and plumbing systems [h]ave covering on them with asbestos." (SAC, pt. 2 at 14.) Plaintiff alleges that defendants had actual and constructive knowledge of the problem, and could have ordered testing of the air ducts. (SAC, pt. 2 at 25.) Plaintiff "seeks damages for [his] current fear and possible injury

---

[5] Plaintiff does not attach that inmate appeal to his SAC.  Instead, he attaches inmate appeals filed by other inmates from another institution.  The attached documents are not relevant to plaintiff's allegations of a constitutional violation committed by defendants Anderson and Murphy at ISP.

which [he] allege[s] encompasses a present fear that the toxic exposure causative of asbestosis may later result in [lung] cancer." (SAC, pt. 2 at 15.)

Plaintiff alleges that as a result of his exposure to mold, lint, dust, dirt, and possible asbestosis, he has suffered asthma, allergies, chronic fatigue, gastrointestinal problems, bladder problems, headaches, skin rashes, seizures, sleep apnea, colds, sore throats, diarrhea, excessive mucous, and dry and watery eyes. (SAC, pt. 1 at 12.)

## IV. DELIBERATE INDIFFERENCE

In order to establish an Eighth Amendment violation, plaintiff must meet two requirements. Farmer v. Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). First, he must show that the violation was "sufficiently serious," resulting in the denial of "the minimal civilized measure of life's necessities." Id.; Wilson v. Seiter, 501 U.S. 294, 297, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Second, plaintiff must show that prison officials acted with a sufficiently culpable state of mind (i.e., with "deliberate indifference"). Farmer, supra, 511 U.S. at 834, 837, 840-41 ("[A] prison official cannot be found liable under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference"); see also Hearns v. Terhune, 413 F.3d 1036, 1042-43 (9th Cir. 2005); Johnson v. Meltzer, 134 F.3d 1393, 1398 (9th Cir.), cert. denied, 525 U.S. 840 (1998).

"Inadequate 'ventilation and air flow' violates the Eighth Amendment if it 'undermines the health of inmates and the sanitation of the penitentiary.'" Keenan v. Hall, 83 F.3d 1083, 1090 (9th Cir. 1996), citing Hoptowit v. Spellman, 753 F.2d 779, 784 (9th Cir. 1985). In light of the Eighth Amendment's prohibition against cruel and unusual punishment, prison officials have a duty to ensure that inmates receive adequate food, clothing, shelter, and medical care. Hearns, supra, 413 F.3d at 1042, citing Farmer,

511 U.S. at 832; Keenan, 83 F.3d at 1089, Hoptowit, 682 F.2d at 1246; see also Helling v. McKinney, 509 U.S. 25, 35, 113 S. Ct. 2475, 125 L. Ed. 2d 22 (1993)(holding that Eighth Amendment protection against deliberate indifference to prison health problems extends to exposure to levels of environmental tobacco smoke that posed an unreasonable risk of serious damage to inmate's future health).

## V. DISCUSSION

Defendants contend that they are entitled to summary judgment because, as a matter of law, plaintiff cannot prove the elements necessary to stating a claim against them under 42 U.S.C. § 1983. Defendants have submitted a Separate Statement of Uncontested Facts; plaintiff has not.

Defendants have attached as exhibits portions of plaintiff's deposition in support of their Motion for Summary Judgment. Defendants also have submitted declarations under penalty of perjury in support of their Motion. Plaintiff has not submitted any declarations in opposition,[6] and did not verify the SAC. Accordingly, the only evidence before the court for purposes of the pending summary judgment motion are portions of plaintiff's deposition and the declarations submitted by defendants.

### A.   STATEMENT OF FACTS[7]

Plaintiff was incarcerated at ISP from approximately 2001 through November or December of 2005. (See Separate Statement, ¶ 3). While at ISP, plaintiff was housed in Building A-1 and on B Yard. (See Separate Statement, ¶ 4). In May 2003, plaintiff filed

---

[6] The two articles attached to plaintiff's opposition are not relevant to the Eighth Amendment claim alleged in the SAC.

[7] The facts are taken from defendants' Separate Statement of Uncontested Facts. As noted above, plaintiff has not filed a Verified Complaint, did not file a Statement of Undisputed Facts, and did not provide any declarations or evidence to dispute defendants Separate Statement of Uncontested Facts.

1  an inmate appeal (CDC Form 602) complaining of the air quality of his housing unit,
2  which caused plaintiff to suffer watery eyes. (See Separate Statement, ¶¶ 5, 6, 7). In
3  response to plaintiff's complaints about the air quality, defendants Anderson and
4  Murphy acted immediately. (See Separate Statement, ¶ 10). Defendants Anderson and
5  Murphy ensured that the air handling units for the buildings in which plaintiff was
6  housed were inspected, cleaned and maintained to prevent dust and foreign particles
7  from entering the buildings and cells from the outside. (See Separate Statement, ¶ 11).
8  There was no evidence found that the air quality in plaintiff's cells at ISP was hazardous
9  to his health. (See Separate Statement, ¶ 14). Defendants Anderson and Murphy never
10 ignored plaintiff's complaints nor acted, or refused to act, in order to cause plaintiff
11 physical harm. (See Separate Statement, ¶ 15).

Plaintiff has no evidence that he was exposed to either mold or asbestos at ISP.
(See Separate Statement, ¶ 16). Plaintiff has submitted no evidence that he suffered from
a serious medical condition as a result of exposure to dust or particles from the ISP
ventilation system. (See Separate Statement, ¶ 17). Plaintiff was never hospitalized as a
result of exposure to dust or particles from the ISP ventilation system. (See Separate
Statement, ¶ 18). While at ISP, plaintiff was suffering from routine allergies. (See
Separate Statement, ¶ 19). Plaintiff received proper medical care for his allergies at ISP.
(See Separate Statement, ¶ 20).

///
///
///
///
///
///
///
///

**B.     CLAIM FOR INJUNCTIVE RELIEF**[8]

In the SAC, plaintiff seeks injunctive relief. (See SAC at 3, 9). In light of plaintiff's transfer to another prison in a different judicial district after filing of the Complaint, the claims for injunctive relief are subject to dismissal as moot. See Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995). Accordingly, with respect to plaintiff's claim for injunctive relief, this action is subject to dismissal.[9]

**C.     CLAIM OF DELIBERATE INDIFFERENCE**

Here, there is no admissible evidence to establish that plaintiff was exposed to any level of (or to unreasonably high levels of) mold, lint, dust or asbestos, or that he suffered a specific injury as a result. Accordingly, with respect to the objective element, plaintiff has not set forth any admissible evidence sufficient to survive summary judgment.

Moreover, there is no admissible evidence to establish that defendants Anderson and Murphy acted with deliberate indifference to plaintiff's health or safety. Although

---

[8] Defendants have not specifically addressed this issue in the pending motion. However, plaintiff is a prisoner, suing in forma pauperis, on a complaint against defendants concerning prison conditions. His claims are subject to sua sponte review, and shall be dismissed, at any time, if the Court finds that they are frivolous or malicious, fail to state a claim, or seek monetary relief from an immune defendant. See 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c); Lopez v. Smith, 203 F.3d 1122, 1126-27 (9th Cir. 2000)(en banc); Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998), cert. denied, 525 U.S. 1154 (1999).

[9] To the extent that plaintiff is seeking injunctive relief against officials at Richard J. Donavan Correctional Facility, the Court, in its Amended Report and Recommendation concerning the denial of defendants' motion to dismiss the SAC, stated that it did not have jurisdiction over officials at that correctional facility and therefore said claim for injunctive relief should be denied.

defendants had knowledge of plaintiff's complaint about the air quality in his housing unit, there is no admissible evidence that defendants disregarded a substantial risk to plaintiff's health or safety.

Accordingly, defendants Anderson and Murphy are entitled to summary judgment, defendants' motion for summary judgment should be granted, and plaintiff's Complaint dismissed.

### VI. RECOMMENDATION

It is recommended that the Court issue an Order: (1) approving and adopting this Report and Recommendation; (2) granting defendants' Motion for Summary Judgment; and 3) dismissing plaintiff's Complaint.

DATED: Dec. 10, 2007

STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE

NOTICE

Reports and Recommendations are not appealable to the Court of Appeals, but may be subject to the right of any party to file Objections as provided in the Local Rules Governing the Duties of the Magistrate Judges and review by the District Judge whose initials appear in the docket number. No Notice of Appeal pursuant to the Federal Rules of Appellate Procedure should be filed until entry of the Judgment of the District Court.